IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN P. MILLER and ) <br> TERESE A. MILLER ) <br> ) <br> v. ) <br> ) <br> JAMES G. HERMAN, individually, and ) <br> JAMES G. HERMAN & ASSOCIATES, ) <br> INC., an Illinois corporation, and ) <br> PELLA PRODUCTS, INC., a Delaware ) <br> Corporation, sometimes called ) <br> PELLA WINDOWS AND DOORS, INC., ) <br> A Delaware Corporation. ) | Case No.06 C 3573 <br> Judge Andersen <br> Magistrate Judge Denlow <br><br> **JURY DEMAND** |

## MOTION TO DISMISS

The Defendant, James G. Herman & Associates, Inc. ("Associates"), by and through its attorney Genevieve M. Lynott, moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Verified Complaint for lack of subject matter jurisdiction. In support of its motion, Associates states as follows:

1. John P. Miller and Terese A. Miller (collectively the "Millers") allege that they entered into an oral contract with Associates to build a home at 2208 Bay Oaks Drive, Lakemoor, Illinois (the "Property").

2. Associates constructed a home for the Millers on the Property.

3. The Millers attempt to bring a claim against Associates under the Magnuson-Moss Warranty Act 15 U.S.C. §2301 *et seq.*

4. However, the Magnuson-Moss Act is not applicable to the Millers claim against Associates.

5. The Magnuson-Moss Act (the "Act") is essentially a "remedial statute designed to protect consumers from deceptive warranty practices." *Skelton v. General Motors Corp.,* 660 F.2d 311, 313 (7th Cir. 1981).

6. To achieve this goal, the Act establishes minimum disclosure requirements for warrantors; minimum requirements for the form, content and coverage of warranties; and mechanisms for private and public enforcement. Section 110(d)(1) of the Act, 15 U.S.C. §2310(d)(1), provides a private cause of action for consumers of products covered by warranties who have been injured by any breach of warranty obligations or violation of obligations created by the Act. In addition, Section 110 of the Act permits the FTC or Attorney General to institute an action for injunctive relief to prevent unfair trade practices or warranty deceptions.

7. The coverage of the Act is plainly limited in that the Act's requirements only extend to warranties for "consumer products." 15 U.S.C. §§ 2301(1); 2302(a). The FTC regulations defining the scope of this protection make clear that the Act is restricted to "tangible personal property which is normally used for personal family or, household purposes." 16 C.F.R. § 700.1(a), and that, therefore, warranties covering real property such as a home do not fall within the scope of the Act:

> (e) The coverage of building materials which are not separate items of equipment is based on the nature of the purchase transaction. An analysis of the transaction will determine whether the goods are real or personal property. The numerous products which go into the construction of a consumer dwelling are all consumer products when sold "over the counter," as by hardware and building supply retailers. This is also true where a consumer contracts for the purchase of such materials in connection with the improvement, repair, or modification of a home (for example, paneling, dropped ceilings, siding, roofing, storm windows, remodeling). However, **where such products are at the time of sale integrated into the structure of a dwelling they are not consumer products as they cannot be practically distinguished from realty**. Thus,

>for example, the beams, wallboard, wiring, plumbing, **windows**, roofing, and other structural components of a dwelling **are not consumer products** when they are sold as part of real estate covered by a written warranty.
>
>(f) In the case where a consumer contracts with a builder to construct a home, a substantial addition to a home, or other realty (such as a garage or an in-ground swimming pool) the building materials to be used are not consumer products. Although the materials are separately identifiable at the time the contract is made, it is the intention of the parties to contract for the construction of realty which will integrate the component materials. Of course, as noted above, any separate items of equipment to be attached to such realty are consumer products under the Act.

16 C.F.R. § 700.1 (e)-(f) (emphasis added).

8. The Miller purchased a home from Associates.

9. The building materials Associates used to construct the home are not consumer products.

10. The Millers are not complaining of "consumer products," thus, the Act does not apply to their claim.

11. There is no jurisdiction under 28 U.S.C. § 1331 because the dispute does not present a federal question. *See generally, Cycenas v. Stoner,* 88 Fed. Appx. 954, 954 (7th Cir. 2004).

WHEREFORE, Defendant James G. Herman & Associates, Inc. prays that this Honorable Court dismiss the Verified Complaint for lack of jurisdiction and for such other relief as the Court deems just.

>Respectfully Submitted,
>
>JAMES G. HERMAN &
>ASSOCIATES, INC.
>
>
>By:__/s/ Genevieve M. Lynott_____
>     Genevieve M. Lynott

Genevieve M. Lynott
P.O. Box 5761
Chicago, Illinois 60680-5761
Tel.:    (312) 421-9470
Fax:    (312) 421-9475
glynottlaw@sbcglobal.net
ARDC No.: 6275407