IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN P. MILLER and ) <br> TERESE A. MILLER ) <br> ) <br> v. ) <br> ) <br> JAMES G. HERMAN, individually, and ) <br> JAMES G. HERMAN & ASSOCIATES, ) <br> INC., an Illinois corporation, and ) <br> PELLA PRODUCTS, INC., a Delaware ) <br> Corporation, sometimes called ) <br> PELLA WINDOWS AND DOORS, INC., ) <br> A Delaware Corporation. ) | Case No.06 C 3573 <br> Judge Andersen <br> Magistrate Judge Denlow <br><br><br> **JURY DEMAND** |

**REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTIONS TO DISMISS**

The Defendants, James G. Herman & Associates, Inc. ("Associates"), and James G. Herman, individually ("Herman") by and through their attorney Genevieve M. Lynott, reply to Plaintiff's response as follows:

**STRUCTURAL COMPONENTS OF A DWELLING ARE NOT
CONSUMER PRODUCTS WHEN SOLD AS PART OF REAL ESTATE**

The Millers contracted with Associates to construct a home for them on the Property located at 2208 Bay Oaks Drive, Lakemoor, Illinois (the "Property"). Windows were utilized to create that home. The Millers purchased real estate and do not have a proper claim against Associates under the Magnuson-Moss Warranty Act. 15 U.S.C. §2301 *et seq.*

A distinction is drawn when components, such as windows, are being added to an already existing home or being used to create that home. 16 CFR §700(e) & (f). Components added to an existing home are consumer products. Components used to create that home are not consumer products.

1

The Millers cite to *Muchinsky v. Frederic Roofing, Co.,* 838 S.W. 2d 74 (Mo.App.Ct. 1992) and *Atkinson v. Elk Corp. of Texas,* 142 Cal. App. 4th 212 (Aug. 2006) for authority, however, neither has precedential value and both are factually distinguishable.

In *Muchinsky,* a homeowner contracted with a roofer to re-roof his home. 838 S.W.2d at 74. The court reasoned that when adding to an existing structure the time of sale is interpreted as the time that a binding contract between the consumer and supplier has been entered into. 838 S.W. 2d at 78. Therefore, the court held that re-roofing in that case was a consumer product covered by the Act. 838 S.W. 2d at 78.

In *Atkinson,* a contractor purchased roof shingles and added them to the homeowner's existing home. 142 Cal. App.4th at 212. The court concluded that roof shingles added to an existing structure are consumer goods under the Magnuson-Moss Act. 142 Cal. App. 4th 226.

Both *Muchinsky* and *Atkinson* recognize that products purchased as part of a larger real estate sales contract being used to create the structure are not covered by the Magnuson-Moss Act. *Muchinsky,* 838 S.W. 2d at 78; *Atkinson,* 142 Cal.App.4th at 226; See also 16 C.F.R. § 700.1 (e) & (f).

The Millers purchased a completed home from Associates, not just windows. The Magnuson-Moss Act does not apply to the Millers' claim. Thus, because the Act does not apply there is no jurisdiction and the Millers' claim should be dismissed.

### JAMES G. HERMAN THE INDIVIDUAL IS NOT A PROPER PARTY

It was Associates, not Herman, who entered into a contract with the Millers. The Millers are attempting to create some sort of corporate veil piercing simply because

Herman used his own name as part of the name for the corporation which he is president. James G. Herman is the president of James G. Herman & Associates, Inc. The contract with the Millers was made with James G. Herman & Associates, Inc. The Millers Exhibit "A" to the Complaint has a copy of their check, which was deposited by James G. Herman & Associates, Inc. Exhibit "A" to the Complaint has a copy of the endorsement. Nothing was ever paid directly to Herman, individually.

Both Associates and Herman vehemently deny that any fraud was committed. Herman is the president of Associates. The Millers contract is with Associates. Herman, individually, is not a proper party to this action.

## CONCLUSION

This court does not have jurisdiction because the Millers' claim can not be brought under the Magnuson-Moss Act. Without a federal question, this dispute does not belong in federal court. Further, James G. Herman, individually, is not a proper party to any disputes with the Millers as he is not a party to the contract between James G. Herman & Associates, Inc. and the Millers. The individual James G. Herman should be dismissed and the entire Complaint should be dismissed from federal court for lack of jurisdiction.

Respectfully Submitted,

JAMES G. HERMAN &
Genevieve M. Lynott                         ASSOCIATES, INC. and
P.O. Box 5761                               JAMES G. HERMAN
Chicago, Illinois 60680-5761
Tel.:   (312) 421-9470
Fax:   (312) 421-9475                       By:__/s/ Genevieve M. Lynott_____
glynottlaw@sbcglobal.net                         Genevieve M. Lynott
ARDC No.: 6275407