IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JOHN P. MILLER and TERESE A. MILLER, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 06 C 3573 |
| v. | ) | |
| | ) | Hon. Wayne R. Andersen |
| JAMES G. HERMAN, individually, and | ) | Magistrate Judge Morton Denlow |
| as JAMES G. HERMAN & ASSOCIATES, | ) | |
| INC., an Illinois Corporation, and | ) | |
| PELLA PRODUCTS, INC., a Delaware | ) | |
| Corporation, sometimes called PELLA | ) | |
| WINDOWS AND DOORS, INC., a Delaware | ) | |
| Corporation. | ) | |
| Defendants. | ) | |
| _____ | ) | |
| PELLA PRODUCTS, INC., a Delaware | ) | |
| Corporation, sometimes called PELLA | ) | |
| WINDOWS AND DOORS, INC., a Delaware | ) | |
| Corporation. | ) | |
| Cross-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES G. HERMAN, individually, and as | ) | |
| JAMES G. HERMAN & ASSOCIATES, INC., | ) | |
| | ) | |
| Cross-Defendants. | ) | |
| _____ | ) | |
| PELLA PRODUCTS, INC., a Delaware | ) | |
| Corporation, sometimes called PELLA | ) | |
| WINDOWS AND DOORS, INC., a Delaware | ) | |
| Corporation. | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JOSEPH NOBILIO CARPENTERS | ) | |
| | ) | |
| Third Party Defendant. | ) | |

**JAMES G. HERMAN and JAMES G. HERMAN & ASSOCIATES, INC.'S MOTIONS FOR DISMISSAL DUE TO LACK OF SUBJECT MATTER JURISDICTION AND FOR SUMMARY JUDGMENT**

Defendants, JAMES G. HERMAN and JAMES G. HERMAN & ASSOCIATES, INC.'s (collectively referred to herein as "Herman"), pursuant to Federal Rule of Civil Procedure 12(b)(1) move to dismiss Plaintiffs John P. and Teresa A. Miller's ("the Millers") claims against Herman for lack of subject matter jurisdiction and alternatively move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b) against the Millers' claims against Herman. In support of their motions, Herman states:

### FRCP 12(b)(1) Motion

1) On April 27, 2007 this Court denied Herman's motion to dismiss based on lack of subject matter jurisdiction. Since the Court's prior order, the Illinois Appellate Court for the First District of Illinois has issued an opinion holding that an allegation of installation of faulty windows as part of a contract for construction of a new home is not a claim for "consumer products" under the Magnuson Moss Warranty Act. *Weiss v. MIHome Products, Inc.,* __ N.E.2d __, 2007 WL 2579830 (1st Dist. September 7, 2007) (rehearing denied November 21, 2007) (A copy of this opinion is attached to Herman's Memorandum In Support as Exhibit A.) While not binding on this Court, the *Weiss* case is persuasive authority. As such, Herman respectfully requests that the Court review and reconsider its prior holding and dismiss this action for lack of subject matter jurisdiction.

### FRCP 56(b) Motion for Summary Judgement

2) In the event that the Court holds that it has subject matter jurisdiction over this matter, summary judgment is still appropriate against the Millers' claims. The Millers complaint amounts to the contention that Herman defectively constructed their home. Even if true, the Millers' remedy would be the cost to repair the alleged defects. Here, it is undisputed that

Herman offered to repair any defects in the Millers' home and that the Millers rejected that offer thus mooting and waiving their claims.

3) Finally, the Millers' claim for consumer fraud is barred by well-settled law that holds that the Illinois Consumer Fraud Act does not provide a remedy when all that is at dispute is a private contract dispute which does not generally involve other consumers.

4) In further support, the Herman defendants have separately filed a Memorandum In Support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment as well as their Local Rule 56.1(a) Statement of Material Facts for which there are no genuine issues.

**WHEREFORE,** JAMES G. HERMAN and JAMES G. HERMAN & ASSOCIATES, INC. request that either this matter be dismissed for lack of subject matter jurisdiction or that summary judgment be entered in their favor and against plaintiffs John and Therese Miller and for any further relief this court deems just.

Respectfully submitted,

JAMES G. HERMAN and
JAMES G. HERMAN & ASSOCIATES, INC.

By:   /s/ Edwin L. Durham
Edwin L. Durham (# 6204142)
Michael Rachlis (#6203745)
Marion B. Adler (#6182504)
Rachlis Durham Duff & Adler, LLC
542 S. Dearborn Street, Suite 900
Chicago, Illinois 60605
Phone: (312) 733-3950
Fax: (312) 733-3952
edurham@rddlaw.net
mrachlis@rddlaw.net
madler@rddlaw.net