IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN P. MILLER and TERESE A. MILLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 06 C 3573 |
| | ) | |
| JAMES G. HERMAN, individually, and JAMES | ) | Judge Wayne R. Anderson |
| G. HERMAN & ASSOCIATES, INC., an | ) | |
| Illinois corporation, and PELLA WINDOWS | ) | Magistrate Judge Morton Denlow |
| AND DOORS, INC., a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| PELLA WINDOWS AND DOORS, INC., | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH NOBILIO CARPENTERS, | ) | |
| | ) | |
| Third Party Defendant. | ) | |

**PELLA PRODUCTS, INC.'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant/Third-Party Plaintiff, PELLA PRODUCTS, INC. ("Pella"), incorrectly sued as

Pella Windows and Doors, Inc., by its attorneys, Joseph B. Carini, III and Christopher J. Carlos

of the law firm of Johnson & Bell, Ltd., and as its reply in support of its motion for summary

judgment in its favor and against plaintiffs, JOHN P. MILLER and TERESE A. MILLER,

submits the following:

**INTRODUCTION**

*Weiss v. MI Home Products* is the only case that is directly on point with a nearly exact set of factual circumstances as the case before this court. Plaintiffs' response is simply silent on this issue and chooses rather to discuss cases and recite regulations that bear no significance to those specific facts. As a result, plaintiffs' response completely misses the point.

In their argument, plaintiffs rely on two cases: *Muchinsky v. Frederic Roofing Co.*, a case from the Eastern District of Missouri; and *Atkinson v. Elk Corp.*, a California state court of appeals case. Neither case is binding authority, and neither case is in any way relatable to this case. *Muchinsky* and *Atkinson* deal with situations in which the plaintiffs contracted to have roof work performed on their already existing homes. As a result, plaintiffs' argument is misplaced. The case before this court presents a different situation altogether – one in which the plaintiffs have contracted with a builder, James G. Herman & Associates ("Herman") to build them a new home. The court in *Weiss v. MI Home Products, Inc.*, the case primarily relied upon by Pella in its motion, was presented with that exact situation and addressed the question of whether windows used in the new construction of a townhouse constituted consumer products. The *Weiss* court, in reliance on the plain language of the regulations, dismissed plaintiff's claim because the windows in Weiss were installed to create the structure and as a result were not considered consumer products.

The remainder of plaintiffs' argument is a matter of semantics and selective reasoning. Plaintiffs' repeatedly cite to portions of the regulations that deal with the purchase of consumer products that are installed into an existing home. As stated above, that is not the situation here. Plaintiffs' argument simply fails to address Pella's argument that, in a situation such as this, where a consumer contracts with a builder to construct a home, the materials used to construct

the home are not consumer products under the Magnusson Moss Warranty Act ("MMWA"). This is consistent with the holding in *Weiss* and with the Federal Regulations. Plaintiffs' have provided no caselaw to dispute this and accordingly, summary judgment should be granted in favor of Pella on Counts VI and VII.

## ARGUMENT

### I.   THE CASELAW RELIED ON BY PLAINTIFFS' IS COMPLETELY IRRELEVANT TO THE CASE BEFORE THIS COURT

Plaintiffs admit that they contracted with Herman to construct a new home from the ground up. (See Plaintiffs' Response to Pella Statement of Undisputed Material Facts, ¶ 5, 7). A copy is attached as Exhibit 1. Plaintiffs also admit that the Pella windows and doors were materials that were used to construct the new home. (See Exhibit 1, ¶ 8). Despite these undisputed facts, plaintiffs' rely on caselaw that bears no relation to this specific situation.

In their response, plaintiffs argue that *Muchinsky v. Frederic Roofing Co.*, 838 S.W.2d 74 (Mo. App. Ct., Div. Four, 1992), a case from the Eastern District of Missouri, is the leading case for application of MMWA to construction cases. Plaintiffs' argument is misplaced. In *Muchinsky*, the plaintiff entered into a contract for the re-roofing of his already existing home. In their response, plaintiffs seemed shocked that the *Weiss* court considered its case one of first impression and that it did not acknowledge the *Muchinsky* decision. The explanation for this is simple. *Muchinsky* was not a case in which the plaintiff contracted for the new construction of a home. It was a case in which the plaintiff contracted for repairs to an existing home. As a result, the *Muchinsky* court's analysis is off point as it relates to the case before this court and plaintiffs' argument is flawed.

What was interesting about the *Muchinsky* case is that it validates Pella's position. In its analysis of the FTC regulations, the *Muchinsky* court discussed the distinction between 16 CFR §

700.1(e) and 16 CFR § 700.1(f).  The court's analysis reveals that section (e) deals with improvement, repair or modification to a home, while section (f) focuses on contracts for the construction of realty.  *Muchinsky v. Frederic Roofing Co.*, 838 S.W.2d at 77.  In making this distinction, the court acknowledged that it was apparent that congress intended to have the MMWA cover some items which normally become part of real estate and it was also apparent that it was ***not the intent of congress to have the MMWA apply to transactions involving the sale of real estate.***  *Id.*  The court determined that "as to products that are becoming part of realty, the distinction drawn is whether the product is being added to an already existing structure or whether it is being utilized to create the structure."  *Id* at 78.  Although plaintffs attempt to focus this court's attention on the "time of sale" discussion in *Muchinsky*, this is irrelevant as the Muchinsky court's analysis relative to "time of sale" deals with the improvement, repair or modification to a home under section (e).  The court acknowledges that congress had the specific intent to address materials and products used to construct real estate, and to exclude them from coverage.  *Id* at 77-78.

Plaintiffs also rely on the California state court case of *Atkinson v. Elk Corp.*, 142 Cal. App. 4th 212, 225 (Aug. 2006), to support their argument.  Similar to *Muchinsky*, the *Atkinson* court dealt with a plaintiff suing a contractor regarding shingles that the contractor applied to his **existing home**.  Once again, plaintiffs' argument is misguided as the case before this court deals specifically with the new construction of a home from the ground up.  In relying on this case, plaintiffs again confuse the issues and assert an argument premised on a set of circumstances that do not exist.  Plaintiffs argue that they are not seeking application of MMWA to a completed house, but rather to windows that were installed in that house to construct the home.  Defendants also claim that under Pella's reasoning, consumers who purchase a component part for a home

would have protection unless they are installed in a new home. (See Plaintiffs' Response, pg. 4). This argument is circular. Plaintiffs' argument conveniently chooses to ignore the undisputed facts that they contracted for realty, and the windows and doors that are the subject of this suit were used to construct that realty. As a result, the windows and doors do not constitute consumer products under the MMWA and plaintiffs' claim must fail. Plaintiffs' cannot establish this essential element of their claim under the MMWA and summary judgment in favor of Pella is appropriate on Counts VI and VII.

**II.    THE FTC REGULATIONS SPECIFICALLY EXCLUDE MATERIALS USED IN THE CONSTRUCTION OF A NEW HOME FROM COVERAGE UNDER THE MAGNUSSON MOSS WARRANTY ACT**

Plaintiffs' have discussed multiple subsections under the FTC Regulations to support their argument. Significantly, however, they have failed to acknowledge subsection (f) which specifically addresses situations in which individuals contract with builders to construct a new home. 16 CFR § 700.1(f) specifically removes from coverage under the MMWA materials that are integrated into a new home because the intention of the parties is to contract for the construction of realty. Section (f) reads as follows:

> In the case where a consumer contracts with a builder to construct a home, a substantial addition to a home, or other realty, the building materials to be used are not consumer products. Although the materials are separately identifiable at the time the contract is made, it is the intention of the parties to contract for the construction of realty which will integrate the component materials . . .

16 CFR § 700.1(f). The material facts are undisputed that the plaintiffs' contracted with Herman for the construction of a new home, and that the Pella windows and doors subject of this dispute were materials used to construct the home. (See Exhibit 1, ¶ 5, 7 and 8). As a matter of law, the Pella windows and doors used in the construction of plaintiffs' home are not afforded coverage

under the MMWA as consumer products.  As a result, summary judgment should be granted in favor of Pella on Counts VI and VII.

Despite plaintiffs' conclusory statements to the contrary, *Weiss v. MI Home Products*, 376 Ill. App.3d 1001, 877 N.E.2d 442, 444 (1st Dist. 2007) is directly on point and corroborates the plain language of the MMWA.  The court in *Weiss* addressed the question of whether windows used in the new construction of a townhouse were consumer products under Magnuson-Moss and 16 C.F.R. §700.1.  The plaintiffs in *Weiss* contracted for the new construction of a townhouse whereby numerous windows manufactured by defendant MI Home Products were used to construct the home.  According to plaintiffs in *Weiss*, the windows were defective because they fogged and leaked.  The plaintiffs in *Weiss* sued the manufacturer MI Home Products under the MMWA.  The *Weiss* court dismissed plaintiff's claim because the windows did not fall under the MMWA definition of consumer product.  In reaching this decision, the *Weiss* court reasoned that "it appears that as to products that become part of realty, the distinction drawn is whether the product is being added to an already existing structure or whether it is being utilized to create the structure."  Because the windows in Weiss were installed to create the structure, the court determined that they were not consumer products and dismissed plaintiff's claim.

It is undisputed that the Pella windows and doors that are the subject of this dispute were utilized to create the new home structure for which plaintiffs' contracted with Herman.  Accordingly, as a matter of law, the windows and doors at issue in this case are outside of the definition of a consumer product contained in MMWA.  As a result, an essential element of plaintiffs' claim is missing and there are no set of facts under which plaintiffs' claim can succeed.  Therefore, summary judgment is appropriate in favor of Pella on Counts VI and VII.

## CONCLUSION

WHEREFORE, PELLA PRODUCTS, INC., incorrectly sued as Pella Windows and Doors, Inc, prays that this court enter a final and appealable order of summary judgment in its favor, and against Plaintiffs, John P. Miller and Terese A. Miller on Counts VI and VII of Plaintiffs' Complaint.

Respectfully submitted,

**s/Christopher J. Carlos**
Christopher J. Carlos Bar Number:  6272028
Attorney for Defendant/Third Party Plaintiff
Pella Products, Inc.
Johnson & Bell, ltd.
33 W. Monroe Street, #2700
Chicago, IL  60603
Telephone:  312/372-0700
Fax: 312/372-9818
E-mail:  carlosc@jbltd.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**s/Christopher J. Carlos**
Christopher J. Carlos Bar Number:  6272028
Attorney for Defendant/Third Party Plaintiff
Pella Products, Inc.
Johnson & Bell, ltd.
33 W. Monroe Street, #2700
Chicago, IL  60603
Telephone:  312/372-0700
Fax: 312/372-9818
E-mail:  carlosc@jbltd.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN P. MILLER and<br>TERESE A. MILLER<br>               Plaintiffs,<br>v.<br><br>JAMES G. HERMAN, individually, and<br>JAMES G. HERMAN & ASSOCIATES,<br>INC., an Illinois corporation, and<br>PELLA PRODUCTS, INC., a Delaware<br>Corporation, sometimes called<br>PELLA WINDOWS AND DOORS, INC.,<br>a Delaware corporation.<br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.   06 C 3573 |
| PELLA PRODUCTS, INC., a Delaware<br>Corporation, sometimes called PELLA<br>WINDOWS AND DOORS, INC., a Delaware<br>Corporation.<br><br>          Third Party Plaintiff,<br><br>v.<br><br>JOSEPH NOBILIO CARPENTERS<br><br>          Third Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

## RESPONSE TO PELLA PRODUCTS, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS

**I.**    **Parties**

      1.    Pella Products, Inc. is an Iowa Corporation that is in the business of manufacturing windows and doors.

    **ANSWER:**   **The Plaintiffs admit the allegations contained in Paragraph 1.**

      2.    James G. Herman & Associates ("Herman") is an Illinois Corporation



whose primary business is residential construction. See Herman Rule 56.1(a) statement of Material Facts, Exhibit A, ¶ 1.

    **ANSWER:    The Plaintiffs admit the allegations contained in Paragraph 2.**

    3.    The plaintiffs, John and Therese Miller are individuals residing at 2208 Bay Oaks Drive, Lakemoor, Illinois. See Verified Complaint at ¶ 1.

    **ANSWER:    The Plaintiffs admit the allegations contained in Paragraph 3.**

**II.**    **Disputed Subject Matter Jurisdiction**

    4.    In addition to the present Motion for Summary Judgment, Herman has filed its own Motion for Summary Judgment. Herman has also filed a Motion to Dismiss for lack of subject matter jurisdiction based on the recent opinion of the Illinois Appellate Court for the First District of Illinois in *Weiss v. MI Home Products, Inc.*, 376 Ill. App. 3d 1001; 877 N.E.2d 442 (1st Dist. 2007). The Weiss court held that faulty windows installed in a newly constructed home do not constitute "consumer products" under the Magnusson Moss Warranty Act. Pella has joined and adopted Herman's motion to dismiss, and additionally submits its own motion for summary judgment.

    **ANSWER:    Admit that Herman filed a motion for dismissal and summary judgment.  Plaintiffs neither admit nor deny the defendant's characterization of the court's holding in *Weiss v. MI Home Products, Inc.* as the case speaks for itself.**

**III.**    **Additional Facts**

    5.    The Millers entered into a contract with Defendant Herman to build a home and in exchange the Millers agreed to pay Herman $497,700.38 (See Verified Complaint at ¶ 6.)

    **ANSWER:    The Plaintiffs admit the allegations contained in Paragraph 5.**

6.    Herman purchased several windows, manufactured by Pella, for use in building Plaintiff's home. (See Verified Complaint at ¶ 12.)

**ANSWER:    The Plaintiffs admit the allegations contained in Paragraph 6.**

7.    Prior to the design and build of the home, the property where the home was built was vacant and the home was built from the ground up. (See Verified Complaint at ¶ 8-11).

**ANSWER:    The Plaintiffs admit the allegations contained in Paragraph 7.**

8.    As a part of the new home construction, Herman purchased and installed certain Pella windows and doors as a means of creating and erecting the home. (See Verified Complaint at ¶ 12, 15.)

**ANSWER:    The Plaintiffs admit the allegations contained in Paragraph 8.**

9.    By or around January 24, 2004, Herman substantially completed construction of the new home. (See Herman Rule 56.1(a) Statement of Material Facts, Exhibit A at ¶ 3.)

**ANSWER:    The Plaintiffs deny the allegations contained in Paragraph 9. Paragraphs 16-21 of the Verified Complaint state that Herman failed to complete the work on the residence, and the work completed was defective. According to the Verified Complaint, water continues to infiltrate the residence to this day and there are continued problems with mold. Herman further failed to properly build the foundation according to the local building code. Verified Complaint, Paragraph 11. Herman never substantially completed the residence.**

10.    Plaintiffs have now filed claims against Pella under the Magnusson-Moss Warranty Act ("MMWA") alleging that the windows were defectively installed by

3

Herman during the new construction of the home, and that they were caused to leak water into the home. (See Verified Complaint at ¶ 15-17.)

   **ANSWER:**    **The Plaintiffs admit the allegations contained in Paragraph 10.**

   11.    Plaintiffs also assert generally in their complaint that Pella doors were also defective and installed in their newly constructed home. (See Verified Complaint at ¶ 116, 128.)

   **ANSWER:**    **The Plaintiffs admit the allegations contained in Paragraph 11.**


                    Respectfully Submitted,

                    for the Plaintiffs

        By:      /s/ Thomas R. Stilp
                 Thomas R. Stilp ( #06198439)
                 John N. Bielski II (#6242527)
                 Messer & Stilp, Ltd.
                 166 W. Washington, Suite 300
                 Chicago, IL 60602
                 (312) 334-FIRM (3476)
                 (312) 334-3434 (Fax)
                 stilp@messerstilp.com
                 bielski@messerstilp.com

4