

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JOHN P. MILLER and TERESE A. MILLER, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | ) |
| | ) |
| JAMES G. HERMAN, individually, JAMES | ) |
| G. HERMAN & ASSOCIATES, INC., an | )    06 C 3573 |
| Illinois corporation, and PELLA WINDOWS | ) |
| AND DOORS, INC., a Delaware corporation, | )    Wayne R. Andersen |
| | )    District Judge |
|     Defendants. | ) |
| | ) |
| PELLA WINDOWS AND DOORS, INC., | ) |
| | ) |
|     Third-Party Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| JOSEPH NOBILIO CARPENTERS, | ) |
| | ) |
|     Third-Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendants James G. Herman's and James G. Herman & Associates, Inc.'s (collectively, "Herman") motion to dismiss plaintiffs John and Teresa Miller's (the "Millers") complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, that motion is granted.

## BACKGROUND

The Millers filed their eight-count complaint in this action on June 30, 2006. In that complaint, the Millers allege that on or about April 24, 2003, they entered into a contract with defendant James G. Herman & Associates whereby Herman agreed to build a custom home for the Millers and the Millers agreed to pay Herman $497,700.38 for Herman's services. The Millers allege that during the summer of 2003 through December, 2003, water infiltrated the house. The Millers further allege that, as a result of Herman's defective installation of windows and doors in their home, the overall defective workmanship of Herman's construction, as well as the defectiveness of defendant Pella Products, Inc.'s (incorrectly named in this suit as Pella Windows and Doors, Inc.) products, the Millers sustained property damage and personal injuries. The Millers' complaint contains five counts under Illinois state law and three counts under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* Herman now moves to dismiss the Millers' complaint for lack of subject matter jurisdiction.

## DISCUSSION

*A.    Legal Standard*

The standard of review for a Rule 12(b)(1) motion to dismiss depends upon the purpose of the motion. *See Freiburger v. Emery Air Charter*, 795 F. Supp. 253, 256 (N.D. Ill. 1992). If the motion merely challenges the sufficiency of the allegations of subject matter jurisdiction, then the court must accept as true all well-pled factual allegations and construe them favorably to the pleader. *Rueth v. United States EPA*, 13 F.3d 227, 229 (7th Cir. 1993). However, if the motion denies the truth of the allegations, the court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999

F.2d 188, 191 (7th Cir. 1993). Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any set of facts consistent with the pleadings that would entitle him to the relief requested. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

B.      *Jurisdiction Under the Magnuson-Moss Warranty Act*

In their complaint, the Millers allege that this court has federal subject matter jurisdiction under the Magnuson-Moss Act and that the Act applies to the allegedly defective windows that were manufactured by defendant Pella Products, Inc. and installed in the Millers' home by Herman. In their motion to dismiss, Herman argues that this court lacks subject matter jurisdiction over this case because the windows installed in the Millers' home do not constitute "consumer products" under the Magnuson-Moss Act, and thus the Act does not apply to the Millers' claims.

The Magnuson-Moss Act applies to warranties on "consumer products," which the Act defines as "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes (including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed)." 15 U.S.C. § 2301(1). To avoid ambiguity, courts refer to the regulations of the Federal Trade Commission ("FTC") in evidencing the interpretation of the meaning of the statute. *See Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 843 (1984). Here, the relevant FTC regulations provide:

> (c) The definition of "Consumer product" limits the applicability of the [Moss-Magnuson] Act to personal property, "including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed." This provision brings under the Act separate items of equipment attached to real property, such as air conditioners, furnaces, and water heaters. . . .
>
> (e) **The coverage of building materials which are not separate items of equipment is based on the nature of the purchase transaction.** An analysis of the

3

transaction will determine whether the goods are real or personal property. **The numerous products which go into the construction of a consumer dwelling are all consumer products when sold "over the counter," as by hardware and building supply retailers.** This is also true where a consumer contracts for the purchase of such materials in connection with the improvement, repair, or modification of a home (for example, paneling, dropped ceilings, siding, roofing, storm windows, remodeling). **However, where such products are at the time of sale integrated into the structure of a dwelling they are not consumer products as they cannot be practically distinguished from realty. Thus, for example, the beams, wallboard, wiring, plumbing, windows, roofing, and other structural components of a dwelling are not consumer products when they are sold as part of real estate covered by a written warranty. . . .**

(f) **In the case where a consumer contracts with a builder to construct a home, a substantial addition to a home, or other realty (such as a garage or an in-ground swimming pool) the building materials to be used are not consumer products. Although the materials are separately identifiable at the time the contract is made, it is the intention of the parties to contract for the construction of realty which will integrate the component materials.** Of course, as noted above, any separate items of equipment to be attached to such realty are consumer products under the Act.

16 C.F.R. § 700.1 (2007) (emphasis added).

The interpretations in Sections 700.1(e) and (f) are extremely helpful in deciding this matter. The facts, when viewed in a light most favorable to the Millers, show that the Millers contracted with Herman for the construction of a home. Section 700.1(f) clearly provides that, when a consumer contracts for the construction of real estate, building materials to be used are not consumer products. 16 C.F.R. § 700.1(f). The Millers argue that the allegedly defective windows and doors installed into their home qualify as "consumer products" under the Magnuson-Moss Act because they were not integrated into the home "at the time of sale," which the Millers' allege was the time that they contracted with Herman. However, Section 700.1(f) provides that, although building materials may be separately identifiable at the time that a contract for a home is made, it is the parties' intention to contract for real property which

4

integrates those building materials, and thus the building materials are not "consumer products" under the Magnuson-Moss Act. *Id.*

We find that the Millers contracted with Herman for the construction of a new home, not for the individual sale of windows. Because those windows were intended to be integrated into the Millers' home, we find that they do not constitute "consumer products" under the Magnuson-Moss Act, but are instead building materials indistinguishable from the real property. Thus, the Millers have no valid claims under the Magnuson-Moss Act, and this court therefore lacks subject matter jurisdiction over any of the Millers' claims. Accordingly, Herman's motion to dismiss this case is granted. We note that the defendants have also moved for summary judgment on the Millers' state law claims. The defendants may reassert those arguments in state court should the Millers choose to refile their state law claims in state court.

## CONCLUSION

For the foregoing reasons, defendants James G. Herman's and James G. Herman & Associates, Inc.'s motion to dismiss for lack of subject matter jurisdiction [79] is granted. This case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: July 15, 2008

5